TRINETTE G. KENT (State Bar No. 025180)
11811 North Tatum Blvd., Suite 3031
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Eric Santner

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric Santner, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Thunderbird Collection Specialists, Inc.; and DOES 1-10, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiff, Eric Santner, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.      Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.      The Plaintiff, Eric Santner (hereafter "Plaintiff"), is an adult individual residing in Flagstaff, Arizona 86005, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      The Defendant, Thunderbird Collection Specialists, Inc. (hereafter "Thunderbird"), is a company with an address of 3200 North Hayden Road, Suite 100, Scottsdale, Arizona 85251, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

2

6.      Does 1-10 (the "Collectors") are individual collectors employed by Thunderbird and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Thunderbird at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.      The Plaintiff allegedly incurred a financial obligation in the approximate amount of $1,600.00 (the "Debt") to an original creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Thunderbird for collection, or Thunderbird was employed by the Creditor to collect the Debt.

11.     Thunderbird attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Thunderbird Engages in Harassment and Abusive Tactics

12.     Within the last year, Thunderbird contacted Plaintiff in an attempt to collect the Debt.

3

13.    Thunderbird called Plaintiff at an excessive rate, placing approximately two calls to Plaintiff's cellular telephone per day, multiple days per week, for successive weeks.

14.    During most conversations, Thunderbird failed to properly identify itself and failed to inform Plaintiff that the call was an attempt to collect the Debt and that all information obtained would be used for that purpose.

15.    Plaintiff advised Thunderbird that he had resolved the Debt with the Creditor, so there was no reason for the calls.

16.    Thunderbird responded that it did not care, insisting that Plaintiff owed the money, and Thunderbird would continue to call.

17.    Plaintiff further informed Thunderbird that the calls were causing Plaintiff to incur charges for communications and specifically directed Thunderbird to cease calling him.

18.    Despite Plaintiff's unequivocal instructions that Thunderbird cease calling him, Thunderbird continued calling Plaintiff in an attempt to collect the Debt.

19.    Thunderbird further threatened to garnish Plaintiff's wages and freeze Plaintiff's bank account if the Debt was not paid immediately.

20.    At the time Thunderbird threatened to garnish Plaintiff's wages and freeze his bank account, Thunderbird had neither sued Plaintiff nor obtained a judgment against Plaintiff; therefore, it had no ability to do so.

21.     On one specific occasion, July 12, 2013, Thunderbird called Plaintiff and left a message on his phone, laughing and giggling on the message; this call was well after Plaintiff's instructions to cease calling him.

22.     Thunderbird failed to inform Plaintiff of his rights by written correspondence within five days after the initial contact, including Plaintiff's right to dispute the Debt.

23.     Plaintiff retained services of a legal counsel and provided Thunderbird with attorney's contact information.

24.     Thereafter, on July 20, 2013, after having been informed of Plaintiff's legal representation, Thunderbird called Plaintiff once again in an attempt to collect the Debt.

### C. __Plaintiff Suffered Actual Damages__

25.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

26.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

27.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, *et seq.*

28.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29.     The Defendants contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney, in violation of 15 U.S.C. § 1692c(a)(2).

30.     The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

31.     The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

32.     The Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency, in violation of 15 U.S.C. § 1692d(6).

33.     The Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

34.     The Defendants misrepresented the character and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

35.     The Defendants threatened the Plaintiff with garnishment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

36.     The Defendants threatened the Plaintiff with attachment of his property if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

37.     The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

38.     The Defendants failed to inform the consumer that the communication was an attempt to collect a debt, in violation of 15 U.S.C. § 1692e(11).

39.     The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

40.     The Defendants caused charges to be made to the Plaintiff, in violation of 15 U.S.C. § 1692f(5).

41.     The Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law, in violation of 15 U.S.C. § 1692g(a).

42.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

43.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

44.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his

7

private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

46.     Arizona further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Arizona state law.

47.     The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with the above referenced telephone calls.

48.     The telephone calls made by Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

49.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

50.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

51.     All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

### COUNT III

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

52.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

53.     The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

54.     The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Arizona.

55.     As a result of the Defendants' intentional infliction of emotional distress, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

9

C. Costs of litigation and reasonable attorneys' fees pursuant to

15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages from the Defendants for all damages, including

emotional distress suffered as a result of the intentional, reckless, and/or

negligent FDCPA violations and intentional, reckless, and/or negligent

invasions of privacy in an amount to be determined at trial;

E. Punitive damages; and

F. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  July 26, 2013                          LEMBERG & ASSOCIATES, LLC


By: _ /s/ Trinette G. Kent _
Trinette G. Kent

Attorney for Plaintiff,
Eric Santner

10